No. 14769

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

MARY H. COLBO,as Guardian and Conservator
of the Estate of WILLIAM D. SCOTT, an
incapacitated and protected person, and
JACK SCOTT,

                    Plaintiffs and Appellants,

        -vs-

MILTON A. COTY, JR., THOMAS H. MAHAN, and
CALVIN A. COTY,

                    Defendants and Respondents.

---

Appeal from:  District Court of the First Judicial District,
              Honorable Peter G. Meloy, Judge Presiding.

Counsel of Record:

        For Appellant:

            William R. Taylor, Deer Lodge, Montana
            Lloyd J. Skedd, Helena, Montana

        For Respondent:

            Leonard J. Haxby, Butte, Montana
            Robert Swanberg, Helena, Montana
            Thomas H. Mahan, Helena, Montana

---

                            Submitted on Briefs: August 2, 1979

                            Decided:  OCT 2 5 1979

Filed:  OCT 2 5 1979


_____
                Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Mary H. Colbo, guardian of William D. Scott, appeals from an order of the Lewis and Clark County District Court which dismissed her petition to have William D. Scott's Will declared to be his last valid Will. The District Court refused to pass on the validity of a Will of a living person. We agree.

Scott allegedly executed a Will on October 19, 1965, and later one of the defendants allegedly tore it into pieces. Scott is now alleged to be senile. Plaintiff apparently recovered the pieces of the torn-up Will, put them together again, and now seeks to have this advance declaration of validity.

In filing her petition, plaintiff cited absolutely no legal basis for the District Court to grant such relief, and her counsel must be aware that jurisdiction of a District Court to determine the validity of a Will is strictly statutory (sections 72-3-101(1) and 72-3-111(1), MCA), and that a petition to probate a Will must be dismissed unless the person alleged to have executed the Will is dead (section 72-3-313(3), MCA). Moreover, as the District Court correctly observed, even the Uniform Declaratory Judgments Act (section 27-8-101, MCA, et seq.) does not expand the statutory power to probate Wills. The reasons are too numerous and too obvious to mention why the District Court was correct in dismissing plaintiff's petition.

This case is a prime example of a suit which should never have been filed in the District Court and of an appeal which should never have been taken. The courts should not be cluttered with suits such as this which are so patently frivolous on their face.

-2-

The order of dismissal of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices